UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NAPOLEON KUDZAYI JAMBWA,

Petitioner,

v.

WARDEN,

Respondent.

Case No. 5:26-cv-04283-FWS-PD

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AS MOOT**

**A# 242-203-544**

Petitioner filed this habeas action *pro se* on July 30, 2026, challenging his detention at the Adelanto ICE Processing Center. Dkt. No. 1. The Court referred the case to the Office of the Federal Public Defender ("FPD") to consider appointment of counsel. Dkt. No. 6. On August 11, 2026, Respondents filed a response to the Petition and a Notice of Related Case, advising the Court that this case was related to another case in which Petitioner had filed a counseled habeas petition challenging his detention at Adelanto. Dkt. No. 9. Respondents stated that both cases involve the same petitioner and respondent, arise from the same happening/event, call for a determination of the same or similar questions of law or fact, and seek Petitioner's release. *Id.* (citing L.R. 83-1.3.1). On August 11, 2026, the FPD

declined to appear in this action because Petitioner already had counsel in the related case. Dkt. No. 10.

In that related case, the Petition was granted in part and Petitioner was released on August 21, 2026. *See Napoleon Kudzayi Jambwa v. Warden of the Desert View Annex Detention Facility, et al.*, Case No. 5:26-cv-04357-PD, Dkt. Nos. 11, 14, 15.

**I. The Petition is Moot**

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (citation omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation ... there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.,* 488 F.3d 1061, 1064 (9th Cir. 2007); *Sheikh-Elmi, v. Garland, et al.*, 2025 WL 2404375, at *1 (W.D. Wash. Aug. 4, 2025) (recommending that the matter should be dismissed as moot because "petitioner's habeas petition seeks only release from immigration detention and does not appear to allege any collateral consequence that can be addressed by the Court").

Petitioner has been released pursuant to the order issued in Case No. 5:26-cv-04357-PD . He is no longer in federal custody, and thus his Petition in this matter no longer presents a live controversy. *See United States v.*

*Geophysical Corp.*, 732 F.2d 693, 698 (9th Cir. 1984) ("A claim is moot if it has lost its character as a present, live controversy.").

**III. Order**

For the reasons set forth above, the Petition is dismissed without prejudice as moot.

IT IS SO ORDERED.

DATED: October 15, 2026

HONORABLE FRED W. SLAUGHTER
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE